IN THE MATTER OF RONALD A. MCINTYRE. February 6, 1998. *Attorney at Law,* Disciplinary proceeding, Suspension, Attorney-client relationship. *Privileged Communication.*

This bar discipline appeal arises from an order of a single justice of this court, acting on an information filed by the Board of Bar Overseers (board), suspending Ronald A. McIntyre (respondent) from the practice of law for two years retroactive to April 13, 1984. The petition for discipline was originally filed by bar counsel in July, 1983. When the hearing committee (committee) received evidence that the respondent was unable to assist in his defense, bar

counsel moved, and a single justice of this court ordered, that the respondent be suspended temporarily pending completion of the disciplinary hearing. *Matter of McIntyre*, 4 Mass. Att'y Discipline Rep. 94 (1984). That order is still in effect.

On October 12, 1993, upon joint motion of the parties, the matter was remanded to the board for further proceedings. Following a hearing, a new committee found the respondent guilty of misconduct and recommended that he be suspended indefinitely from the practice of law retroactive to April 13, 1984. The board adopted the committee's findings of fact and conclusions of law with one exception.[1] On January 17, 1996, the board filed an information recommending a three-year retroactive suspension. After hearing, the single justice imposed a two-year suspension retroactive to April 13, 1984.

We summarize the facts as they were submitted to us in this proceeding. *Matter of Hurley*, 418 Mass. 649, 650 (1994), cert. denied, 514 U.S. 1036 (1995). From 1972 until 1979, the respondent served as an assistant district attorney for Suffolk County. In June, 1975, Anna Rallis, a seventy-nine year old widow, retained the respondent in connection with an eviction proceeding. The respondent represented Mrs. Rallis in those proceedings until June, 1976. Until at least May, 1979, Mrs. Rallis spoke of and regarded the respondent as her attorney. Between December, 1978, and March, 1979, Mrs. Rallis delivered to the respondent $109,124.29 in cash and checks, and stocks valued in excess of $50,000. The respondent did not advise Mrs. Rallis to obtain independent legal advice with respect to this transfer. After indicating to several parties that she was dissatisfied with the respondent's handling of her affairs, Mrs. Rallis wrote to the respondent in June, 1979, demanding return of her funds. The attorney-client relationship was never terminated by the respondent either in writing or by any oral statement to Mrs. Rallis prior to her death in 1980. At all times relevant to this matter, the respondent was an active alcoholic. He has been sober since October, 1984.

The board adopted the committee's conclusions that (a) the respondent's actions with respect to the transfer of funds showed a considerable lack of awareness of the legal and ethical obligations imposed on a lawyer in private practice, in violation of S.J.C. Rule 3:07, Canon 1, DR 1-102 (A) (6), as appearing in 382 Mass. 769 (1981); (b) the respondent failed, when Mrs. Rallis demanded return of her funds, immediately to sever his relationship with her and restore her property, in violation of S.J.C. Rule 3:07, Canon 2, DR 2-110 (B) (4), as appearing in 382 Mass. 774 (1981); (c) the transfer took place within an attorney-client relationship, without proper advice or disclosure to Mrs. Rallis, in violation of S.J.C. Rule 3:07, Canon 5, DR 5-104, as appearing in 382 Mass. 779 (1981); (d) the transfer was not an unconditional or completed gift; Mrs. Rallis retained an interest in the property because the funds were to be used for her benefit and therefore the respondent's failure to segregate the funds violated S.J.C. Rule 3:07, Canon 9, DR 9-102 (A) (1), as appearing in 419 Mass. 1303 (1995); (e) the respondent failed to keep accounting records of the funds, in violation of S.J.C. Rule 3:07, Canon 9, DR 9-102 (B) (3), as appearing in 419 Mass. 1303 (1995); and (f) the respondent failed to return Mrs. Rallis's property promptly on demand, in violation of S.J.C. Rule 3:07, Canon 9, DR 9-102 (B) (4), as appearing in 419 Mass. 1303 (1995).

---

[1] The board concluded that the respondent's conduct did not violate S.J.C. Rule 3:07, Canon 1, DR 1-102 (A) (5), as appearing in 382 Mass. 769 (1981).

The respondent makes essentially four arguments on appeal.[2] He claims that (1) he was not Mrs. Rallis's attorney at the time she transferred assets to him; (2) the transfer was a valid, completed gift not subject to fiduciary obligations; (3) the committee erred in permitting another attorney to assert the attorney-client privilege during the hearing; and (4) a two-year suspension is markedly disparate from sanctions imposed in similar cases.

We review the single justice's decision to determine whether it is supported by sufficient evidence, free from errors of law, and free from any abuse of discretion. See *Matter of Tobin*, 417 Mass. 81, 86 (1994); *Matter of Kenney*, 399 Mass. 431, 434 (1987).

The respondent's contention that there is insufficient evidence to support the imposition of sanctions rests primarily on his claim that he and Mrs. Rallis were not in an attorney-client relationship when she transferred her assets to him. The board explicitly found that the attorney-client relationship existed at the time of the transfer. The parties stipulated that the attorney-client relationship existed in 1975 and 1976 and the respondent presented no evidence that the relationship was terminated. During two hospitalizations, one subsequent to the transfer, the respondent and Mrs. Rallis identified the respondent as her guardian and attorney.

Relying on *Fanaras Enters., Inc.* v. *Doane*, 423 Mass. 121 (1996), the respondent contends that there was no attorney-client relationship at least with respect to the transfer of Mrs. Rallis's assets. As we explained in *Matter of Stern*, 425 Mass. 708, 712 (1997), we found no attorney-client relationship in *Fanaras* with respect to a loan made by the plaintiff to that attorney because the "attorney was not acting as an attorney, but rather participating in an arm's-length transaction unrelated to the fact that the defendant was an attorney and unrelated to any [other] work being performed by the attorney on behalf of the client." In this case, the transfer was far from an "arm's-length transaction." The board found that Mrs. Rallis transferred her assets "with the understanding that [the respondent] would pay her bills as they came due, make arrangements for her personal and medical care as necessary, and otherwise manage her personal and financial affairs." The single justice's conclusion that an attorney-client relationship existed is amply supported by the evidence.

The respondent argues that the transfer of funds at issue was a valid and completed gift. The committee specifically found that the cash and stocks transferred to the respondent were not a completed or unconditional gift. As the single justice correctly concluded, all the evidence indicates that Mrs. Rallis gave him the money in exchange for his promise to manage the money and care for her during her lifetime.

The respondent also claims that the committee erred in allowing John Kallis to claim attorney-client privilege with respect to statements made to him by Mrs. Rallis. At the committee hearing, counsel for the respondent agreed that Kallis properly invoked the privilege and Kallis's affidavit was later struck from evidence on the respondent's motion. The respondent cannot "convert the 'consequences of unsuccessful trial tactics and strategy into alleged errors by the judge.'" *Commonwealth* v. *Lazarovich*, 410 Mass. 466, 476 (1991), quoting *Commonwealth* v. *Johnson*, 374 Mass. 453, 465 (1978).

---

[2]In a reply brief, respondent also argues, in general terms, that the evidence does not support the single justice's finding that he was guilty of misconduct.

Finally, we do not agree that the respondent's sanction should be reduced to an admonition or public censure. In proposing that the respondent be suspended indefinitely, despite certain mitigating factors, the committee highlighted the facts that: "there was a large sum of money involved and Mrs. Rallis was an elderly person, vulnerable by her lack of financial sophistication and lack of close relatives [and] [r]espondent did not act immediately to restore Mrs. Rallis's property when she demanded that he do so . . . ." The board, after striking the committee's finding of a violation of S.J.C. Rule 3:07, Canon 1, DR 1-102 (A) (5), as appearing in 382 Mass. 769 (1981), reduced the recommended sanction to a three-year retroactive suspension. "The board's recommendation is entitled to substantial deference." *Matter of Finnerty*, 418 Mass. 821, 830 (1994), citing *Matter of Alter*, 389 Mass. 153, 157-158 (1983). The single justice concluded that the evidence "amply support[ed] the board's decision to impose sanctions" and further reduced the sanction to a two-year retroactive suspension. Were it not for the mitigating factors cited by the board, including the facts that (1) the respondent was an active alcoholic during his relationship with Mrs. Rallis and had recovered from his illness, and (2) the respondent's legal practice, exclusively in the public sector, had provided him with no experience in handling client funds so that he might have been unaware of ethical requirements regarding proper use of client funds, a more serious sanction might well be warranted. See, e.g., *Matter of Stern*, 425 Mass. 708, 716-617 (1997); *Matter of Luongo*, 416 Mass. 308, 309 (1993). We have considered the cases brought to our attention by counsel and we are satisfied that this disposition is consistent with the sanctions imposed in other cases.

The order of the single justice contained no error of law or abuse of discretion, and was supported by sufficient evidence.

*Order affirmed.*

*Edward L. Kirby, Jr.*, for the respondent.
*Terence M. Troyer*, Assistant Bar Counsel.