IN THE MATTER OF FRANCIS X. JACKMAN. July 20, 2005. *Attorney at Law,* Disciplinary proceeding, Suspension.

Bar counsel appeals from an order of a single justice of this court suspending the respondent from the practice of law on terms that are described below.

*Background.* Bar counsel filed a petition for discipline with the Board of Bar Overseers (board) against the respondent in 2003. The petition alleged that from 1998 through October, 1999, the respondent operated a personal injury law office at which a nonlawyer staff member engaged in the unauthorized practice of law (by handling and settling personal injury cases with inadequate supervision from the respondent), and shared in the legal fees received. In addition, the petition alleged that the respondent failed properly to oversee the receipt, maintenance, and disbursement of client funds, resulting in commingling of client and business funds. Ultimately, the nonlawyer converted settlement and insurance proceeds. The respondent and bar counsel stipulated to the relevant facts (the respondent, in essence, admitting most of the allegations of the petition). A hearing committee of the board recommended that the respondent be suspended from the practice of law for one year. It also recommended that, on reinstatement, the respondent's practice be limited to the representation of criminal defendants in the District Court Department. The parties stipulated that, since 1988, the respondent primarily had practiced in the District Court as appointed counsel for indigent defendants in criminal matters.

Bar counsel appealed to the board from the hearing committee's disciplinary recommendation. The board adopted the hearing committee's findings of fact, made additional conclusions of law, and by a divided vote recommended that the respondent be indefinitely suspended from the practice of law. An information was filed with the Supreme Judicial Court for Suffolk County, and the single justice ordered that the respondent be suspended from the practice of law for three years. The single justice also ordered that the third year be suspended during a two-year probationary period, during which the respondent's practice would be limited to criminal matters in the District Court. Bar counsel again appealed, arguing not only that the sanction was too lenient, but also that the probationary conditions were inappropriate.[1]

*Discussion.* In reviewing the disciplinary sanction imposed by a single justice, we "inquire whether the judgment is markedly disparate from those ordinarily entered by the various single justices in similar cases," *Matter of Alter,* 389 Mass. 153, 156 (1983), and consider the "cumulative effect of the several violations committed by the respondent." *Matter of Palmer,* 413 Mass. 33, 38 (1992). Our review "is de novo, but tempered with substantial deference to the board's recommendation." *Matter of Foley,* 439 Mass. 324, 333 (2003).

Both the board and the single justice considered the respondent to have engaged in two categories of misconduct: unintentional misappropriation of client funds, and improper association with a nonlawyer. With respect to the client funds issue, bar counsel recognizes that the respondent's misconduct in this case is analogous to the negligent misuse of client funds. While the

---

[1]The respondent did not appeal from the single justice's order and, on appeal, does not meaningfully challenge the single justice's conclusions with respect to the misconduct involved. We do not, therefore, address them.

negligent, unintentional misuse of client funds might warrant a public reprimand in the absence of actual deprivation, see *Matter of Schoepfer*, 426 Mass. 183, 185-186 n.2 (1997), where, as here, the unintentional misconduct has resulted in even temporary deprivation, a term suspension is typical. See, e.g., *Matter of Newton*, 12 Mass. Att'y Discipline Rep. 351 (1996) (two years); *Matter of Zelman*, 10 Mass. Att'y Discipline Rep. 302 (1994) (two years); *Matter of Barnes*, 8 Mass. Att'y Discipline Rep. 8 (1992) (three years, with third year suspended and attorney placed on probation). Cf. *Matter of Newton*, 12 Mass. Att'y Discipline Rep. 348 (1996) (public reprimand for failure to maintain adequate records of, and to monitor receipt and disbursement of, client funds, and commingling of client and personal funds). Similarly, with respect to the misconduct involving fee splitting, inadequate supervision of nonlawyers, and assisting in the unauthorized practice of law, a term suspension is warranted. See *Matter of DiCicco*, 6 Mass. Att'y Discipline Rep. 83 (1989) (two-year suspension for assisting in the unauthorized practice of law).

Because the respondent engaged in two separate types of misconduct, each of which warrants a term suspension, the board recommended that the respondent be indefinitely suspended from the practice of law, relying on *Matter of Luongo*, 416 Mass. 308 (1993). While that case and this involve multiple violations of the disciplinary rules, we think the respondent's misconduct in this case is not as severe as that of Luongo. Not only did Luongo's misconduct include an *intentional* misuse of client funds, with the intent to deprive, *id.* at 309, but Luongo failed to cooperate with bar counsel in the investigation of the case, and he had been subject to prior discipline. *Id.* at 310. Here, by contrast, the board concluded that the respondent did not "intentionally misappropriate" client funds, he cooperated in the board's investigation, and he has not been subject to prior discipline. A term suspension therefore is appropriate in the circumstances of this case.

In determining the appropriate duration of the suspension, neither the absence of a prior record of discipline, nor the fact that the respondent's clients are an allegedly "under-served" population, is a special mitigating factor. *Matter of Finn*, 433 Mass. 418, 425 (2001). Further, we weigh in aggravation the injury to the respondent's clients, due to his failure to make restitution for the funds converted by the nonlawyer. While we give substantial deference to the board's recommendation, our "essential goal of evenhandedness" is met, in this case, with a two-year term suspension from the practice of law. *Id.* at 426. At the end of that period, the respondent may apply to the board for reinstatement. If he is reinstated, he shall limit his practice to the representation of criminal defendants in the District Court.[2] We are satisfied that this practice limitation, coupled with the disciplinary suspension, is consistent with the goal of protecting the "public from potential future misconduct." *Matter of Provanzano*, 5 Mass. Att'y Discipline Rep. 300, 306 (1987) (prior to reestablishing a private practice, respondent required to notify bar counsel and board to ascertain whether monitoring necessary). See *Matter of Dodd*, 15 Mass. Att'y Discipline Rep. 167 (1999) (practice limited to representation of municipality); *Matter of Elias*, 10 Mass. Att'y Discipline

---

[2] We do not construe the single justice's order, as bar counsel suggests, as dispensing with the requirement that the respondent apply for reinstatement to the bar at the appropriate time. See S.J.C. Rule 4:01, § 18, as appearing in 430 Mass. 1329 (2000).

Rep. 78, 79 (1994) (on reinstatement, petitioner required to "limit his practice to civil cases in the district courts and to criminal matters in the district and superior courts of the Commonwealth"); *Matter of Munroe*, 8 Mass. Att'y Discipline Rep. 164, 165 (1992) (for two-year period following reinstatement, respondent required to limit practice to real estate and environmental matters); *Private Reprimand No. PR-90-22*, 6 Mass. Att'y Discipline Rep. 422, 423 (1990) (for two-year probationary period, respondent required to limit practice "so that no more than 10% of his active cases can be in areas of law involving personal injury or civil tort liability").

*Conclusion.* We vacate the order of the single justice imposing a three-year suspension, and remand the case to the county court for entry of a judgment suspending the respondent from the practice of law for two years. Thereafter, the respondent may apply to the board for reinstatement; if he is reinstated, in addition to any other terms and conditions the board may reasonably impose, his practice shall be limited to representation of criminal defendants in the District Court Department, and further provided that he annually shall furnish bar counsel with an affidavit stating under the penalties of perjury that he has not engaged in any civil practice during the preceding year.

*So ordered.*

*John W. Marshall*, Assistant Bar Counsel.
*Vincent J. Pisegna* for the respondent.