b. Factors in aggravation. Although we find no special mitigating factors, there are factors to be weighed in aggravation. The respondent was admitted to the practice of law in 1977, and since 1999 has been engaged in a solo law practice focusing primarily on probate and estate matters. His substantial experience in the practice of law, including in the practice area in which the misconduct occurred, properly was considered an aggravating factor. See Matter of Luongo, 416 Mass. 308, 311-312, 621 N.E.2d 681 (1993). In addition, he engaged in multiple acts of misconduct over the course of years.
**1023 Matter of Kerlinsky, 428 Mass. 656, 666, 704 N.E.2d 503, cert. denied, 526 U.S. 1160, 119 S.Ct. 2052, 144 L.Ed.2d 218 (1999). Both clients were particularly vulnerable, given their ages, infirmity, and needs, and the lack of relatives to monitor their affairs. See Matter of Lupo, 447 Mass. at 354, 851 N.E.2d 404 ; Matter of Cobb, 445 Mass. 452, 480, 838 N.E.2d 1197 (2005) ; Matter of Palmer, 423 Mass. 647, 651 n.1, 670 N.E.2d 389 (1996). Finally, as the board observed, the respondent has not demonstrated an understanding about the wrongful nature of the misconduct. See Matter of Bailey, 439 Mass. 134, 152, 786 N.E.2d 337 (2003) ; Matter of Eisenhauer, 426 Mass. at 457, 689 N.E.2d 783 ; Matter of Clooney, 403 Mass. 654, 657, 531 N.E.2d 1271 (1988) (attorney's "persistent assertions that he did nothing wrong ... demonstrated that he 'continue[d] to be unmindful of certain basic ethical precepts of the legal profession' "). Lastly, at least as of the time of the board's decision, the respondent had not refunded or repaid excessive fees received from the clients or their estates. Matter of Eisenhauer, supra.
4. Disposition. The court system depends on the integrity of attorneys who appear before it. Considering the substantial misconduct in this case, including intentional misrepresentation to the probate court, charging and collecting clearly excessive fees, lack of diligence in the probate of two estates, as well as the other substantial violations of the rules of professional conduct, together with the aggravating factors discussed above, we conclude that a term suspension of fifteen months is appropriate.
So ordered.