SUPREME JUDICIAL COURT 
 
 IN THE MATTER OF THE DISCIPLINE OF TWO ATTORNEYS

 
 Docket:
 SJC-13648
 
 
 Dates:
 May 7, 2025
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Attorney at Law, Disciplinary proceeding, Admonition, Client funds. Board of Bar Overseers.
 
 

  
      Bar counsel appeals from a memorandum of decision and order of a single justice of this court, acting on an information filed by the Board of Bar Overseers (board), imposing a private admonition on each of the two respondent attorneys (respondents) and requiring that the respondents' firm submit its Interest on Lawyers' Trust Account (IOLTA) records to bar counsel for review every three months for one year.  We affirm.[1]
      1.  Facts found by the hearing committee and adopted by the board.  We summarize the relevant factual findings of the hearing committee, as adopted by the board, which were supported by substantial evidence and are not in dispute.  See S.J.C. Rule 4:01, § 8 (6), as appearing in 453 Mass. 1310 (2009).  See Matter of Cerulli, 495 Mass. 1002, 1003 (2024).
      The respondents were admitted to the Massachusetts bar in 1985 and 1989.  At all relevant times, they were practicing as partners in the same law firm and maintained five IOLTA accounts for which they were signatories.
           In 2013, bar counsel received notice of a dishonored check associated with the respondents' firm, and bar counsel requested records from the respondents.  After reviewing the records produced, bar counsel advised the respondents that their records were not in compliance with Mass. R. Prof. C. 1.15, as appearing in 440 Mass. 1338 (2004).  In the course of its investigation, bar counsel explained how the records were deficient, providing instructions and worksheets to assist with performing the three-way reconciliation reports required by Mass. R. Prof. C. 1.15 (f) (1) (E).  By September 2013, the respondents were on notice of what proper three-way reconciliation reports should look like.  By a letter dated April 14, 2014, bar counsel informed the respondents that its file was being closed without disciplinary action, although it cautioned the respondents as to their obligations pursuant to Mass. R. Prof. C. 1.15.  There was no finding in this case as to why that file was closed without disciplinary action, and before the single justice, bar counsel represented that he was unaware of the reason.[2]  After bar counsel concluded its investigation in 2014, the respondents' firm continued to perform only two-way reconciliations that did not comply with Mass. R. Prof. C. 1.15 (f) (1) (E).  The firm's business manager, who prepared these reconciliation reports, incorrectly believed them to be compliant.
           On January 28, 2019, after a check drawn on one of the respondents' IOLTA accounts was returned for insufficient funds, bar counsel notified the respondents by letter that it was opening another investigation.  In response to document requests made in that same letter, the respondents provided reconciliation reports.  Bar counsel informed the respondents that their reports were not proper three-way reconciliation reports and failed to comply with Mass. R. Prof. C. 1.15 (f) (1) (E), as appearing in 471 Mass. 1380 (2015).  Approximately one year later, as part of the same investigation, the respondents again provided reports that did not meet the requirements of the rule.  The respondents subsequently brought their records into compliance, and before the hearing committee and the board, they did not dispute that they had failed to prepare three-way reconciliation reports, as required by Mass. R. Prof. C. 1.15 (f) (1) (E).
           In addition to deficiencies in the respondents' reconciliations, bar counsel's investigation revealed the presence of "stale outstanding checks" and "stale funds" in certain of the respondents' IOLTA accounts.  As of 2019, there were tens of thousands of dollars in undistributed funds, including client funds, sitting in three of the respondents' accounts.  One of these accounts had 243 uncleared checks as of December 2019, amounting to $62,000 in accumulated funds.  Another account had been inactive, but as of December 2019, it contained a balance of $49,642.  As to a third account, as of January 2019, there remained twenty-four uncleared transactions.[3]  The respondents did not make significant efforts to return the accumulated funds until after bar counsel initiated its investigation in 2019.  Before the hearing committee and the board, the respondents did not dispute that they had failed promptly to disburse funds, in violation of Mass. R. Prof. C. 1.15 (c).
           2.  Prior proceedings.  On November 30, 2021, bar counsel filed a joint petition for discipline against the respondents.  Count one of the petition alleged that the respondents failed to perform the three-way reconciliations required by Mass. R. Prof. C. 1.15 (f) (1) (E), and further, that they failed timely to disburse trust funds to clients and third parties to whom the funds were due, in violation of Mass. R. Prof. C. 1.15 (c) and Mass. R. Prof. C. 1.3, as appearing in 471 Mass. 1318 (2015).[4]  On January 25, 2022, the respondents filed a joint answer.
           In July 2022, over two consecutive days, an evidentiary hearing was held remotely by video conference before a hearing committee of the board (hearing committee).  After the hearing, the respondents submitted a posthearing brief in which they admitted violations of Mass. R. Prof. C. 1.15 (c) and 1.15 (f) (1) (E).  The committee filed a report of its findings of fact and conclusions of law.  As to count one, the hearing committee concluded that the respondents had violated Mass. R. Prof. C. 1.15 (c) and 1.15 (f) (1) (E) but that bar counsel had not proven the alleged violation of Mass. R. Prof. C. 1.3.  The hearing committee found no factors in mitigation, and as a factor in aggravation of the respondents' misconduct, the hearing committee considered that each of the respondents had substantial experience in the practice of law.  It recommended that the respondents receive private admonitions and that their firm be required to submit its IOLTA records to bar counsel for review every three months for one year. 
           Bar counsel then appealed to the board from the findings, conclusions, and sanctions recommended by the hearing committee.  The respondents filed an opposition and cross-appeal.  After remotely hearing arguments, the board issued its decision in January 2024.  The board adopted the legal conclusions of the hearing committee, and with one exception not relevant here, it also adopted the facts found by the hearing committee.  It concluded, as had the hearing committee, that the respondents had violated Mass. R. Prof. C. 1.15 (c) and 1.15 (f) (1) (E), and it further concluded that the violations were aggravated by the respondents' experience as attorneys.  For its own part, the board also considered as an aggravating factor the cumulative effect of the respondents' misconduct.  It disagreed, however, with the sanction recommended by the hearing committee, and it imposed a public reprimand as a sanction against each of the respondents.[5] 
           At the respondents' request, the board filed an information in the county court.  A single justice of this court reviewed the record and held a hearing.  At that hearing, the respondents did not contest any of the board's findings of fact or conclusions of law.  Rather, they argued that a private admonition was the appropriate sanction for the violations found by the board.  With respect to the applicable sanction, bar counsel argued in favor of the public reprimands imposed by the board.  The single justice issued a memorandum of decision and an order imposing a private admonition on each of the respondents and requiring that the respondents' firm submit its IOLTA records to bar counsel for review every three months for one year.  Bar counsel now appeals. 
           3.  Appropriate sanction.  The case is now before us on the board's preliminary memorandum pursuant to S.J.C. Rule 2:23 (b), 471 Mass. 1303 (2015).  Under that rule:
     "It is incumbent on the appellant to demonstrate . . . that there has been an error of law or abuse of discretion by the single justice; that the decision is not supported by substantial evidence; that the sanction is markedly disparate from the sanctions imposed in other cases involving similar circumstances; or that for other reasons the decision will result in a substantial injustice."
S.J.C. Rule 2:23 (b).  See Matter of Cerulli, 495 Mass. at 1004-1005.  Here, the board "appeals only the single justice's determination that the hearing committee's findings, as adopted by the board, do not warrant the imposition of a public reprimand." 
      In determining the appropriate sanction in a bar discipline case, this court "give[s] deference to the board's recommendation, and review[s] the discipline imposed by the single justice de novo, to determine whether it 'is markedly disparate from judgments in comparable cases.'"  Matter of Strauss, 479 Mass. 294, 300 (2018), quoting Matter of Slavitt, 449 Mass. 25, 30 (2007).  "[U]ltimately," however, "we decide every case on its own merits such that every offending attorney receives the disposition most appropriate in the circumstances."  Matter of Cerulli, 495 Mass. at 1005, quoting Matter of the Discipline of an Attorney, 489 Mass. 1018, 1023 (2022).  "[T]he appropriate level of discipline is that which is necessary to deter other attorneys and to protect the public."  Matter of Foster, 492 Mass. 724, 746 (2023), quoting Matter of Zak, 476 Mass. 1034, 1038 (2017).
           Affording substantial deference to the board's determination that a public reprimand is the appropriate sanction for the conduct at issue, we nevertheless conclude that the private admonitions and conditions imposed by the single justice are not markedly disparate from those imposed in comparable cases.
           Here, the respondents violated two rules.  First, they violated Mass. R. Prof. C. 1.15 (f) (1) (E) by failing to perform the three-way reconciliations required by that rule.  The respondents violated the rule despite having notice since September 2013 as to how properly to perform the required reconciliations, and although bar counsel informed the respondents in April 2019 that their records did not comply with this rule, they again submitted noncompliant records to bar counsel approximately a year later.  Second, the respondents violated Mass. R. Prof. C. 1.15 (c) by failing to disburse certain funds that had accumulated in their IOLTA accounts, amounting to over $100,000.  As did the board and the single justice, we consider as factors in aggravation the respondents' substantial experience in the practice of law and the cumulative effect of the violations at issue here.  See Matter of Foster, 492 Mass. at 751, 767; Matter of Moran, 479 Mass. 1016, 1022 (2018).  We note, however, that the cumulative effect herein considered is limited to the two violations at issue.  See Matter of Kirby, 29 Mass. Att'y Discipline Rep. 366, 374 (2013).  We do not consider the conduct underlying bar counsel's 2013-2014 investigation as a factor in aggravation.[6]  See Matter of Foster, supra at 762 n.18.  
           As to comparable cases, the closest analogous facts are those in Admonition No. 22-18, where the respondent was privately admonished for failing properly to prepare three-way reconciliation reports to show identical balances and for failing to disburse funds amounting to more than $20,000, which funds arose from more than 300 uncleared transactions dating back over the course of nearly a decade.  See also Admonition No. 24-03 (respondent privately admonished for failing to disburse funds from thirty-seven uncleared transactions over approximately eight-year period and for creating negative client balances); Admonition No. 23-11 (respondent privately admonished for creating negative balances as to four client ledgers and failing promptly to disburse over $60,000, including amounts resulting from uncashed checks covering fifteen-year period); Admonition No. 23-08 (respondent privately admonished for failing to disburse funds from 248 uncleared transactions over fifteen-year period and creating negative client balances); Admonition No. 23-07 (respondent privately admonished for failing promptly to disburse funds for seventeen uncleared transactions from 2019 to 2022 and for twenty-two instances of negative client balances); Admonition No. 21-21 (respondent privately admonished for failing to prepare reconciliation reports and for commingling violations).  Such private admonitions have been imposed on attorneys with experience comparable to the respondents.  See, e.g., Admonition No. 23-11.
           By contrast, where record-keeping violations are broader in scope than the violations at issue here, although not necessarily broader in time, they have been resolved by public reprimand.  For example, in Matter of Maguire, 35 Mass. Att'y Discipline Rep. 421, 421-422 (2019), the respondent stipulated to a public reprimand, which was imposed for failing to perform three-way reconciliations, failing to maintain a proper check register, and failing to keep a ledger.  And in Matter of Beatrice, 23 Mass. Att'y Discipline Rep. 31, 31-32 (2007), the respondent stipulated to a public reprimand, which was imposed for failing to prepare and maintain proper reconciliation reports, check registers, and ledgers, and for continuing to fail to meet these requirements where bar counsel requested and received from the respondent three submissions that did not comply with the rule.  See also Matter of Coyne, 28 Mass. Att'y Discipline Rep. 162, 162-163 (2012); Matter of Abromovitz, 23 Mass. Att'y Discipline Rep. 6, 6-8 (2007).  While record-keeping violations in such contexts may give rise to a public reprimand, instances of public reprimand generally tend to implicate additional violations beyond the record-keeping requirements of Mass. R. Prof. C. 1.15 (f), such as violations occasioned by the commingling or misuse of funds.  See, e.g., Matter of Matuzek, 34 Mass. Att'y Discipline Rep. 303, 303-304 (2018); Matter of McCabe, 25 Mass. Att'y Discipline Rep. 367, 367-368 (2009). 
           We acknowledge that the respondents had notice as of the commencement of bar counsel's investigation in 2019 of how to prepare a proper three-way reconciliation report, yet they twice submitted noncompliant reports to bar counsel in the course of the investigation.  See Matter of Beatrice, 23 Mass. Att'y Discipline Rep. at 32.  Nevertheless, where we agree with the single justice that the most closely analogous cases, cited supra, have previously resulted in private admonitions, we conclude that the sanction imposed by the single justice was not markedly disparate from those imposed in comparable cases.  We therefore affirm the order of the single justice imposing a private admonition on each of the respondents and requiring that their firm submit its IOLTA records to bar counsel for review every three months for one year.
 
 
So ordered.
footnotes

      The case was submitted on the record, accompanied by a memorandum of law.
      Adam C. LaFrance, Assistant Bar Counsel.
          [1] We have reviewed bar counsel's preliminary memorandum and appendix, as well as the record that was before the single justice.  Pursuant to S.J.C. Rule 2:23, 471 Mass. 1303 (2015), we dispense with further briefing and oral argument.
          [2] For its part, the board "infer[red] that bar counsel was satisfied with the steps the respondents had taken to comply with [Mass. R. Prof. C.] 1.15."
          [3] The respondents argued that a former partner, who practiced in real estate, had departed from the firm, and his retention of certain client records and lack of cooperation made it difficult for the respondents to disburse the accumulated funds.  The hearing committee and the board did not credit this explanation.
               [4] Count two of the petition alleged that beginning around October 2018, an unauthorized user accessed four of the respondents' IOLTA accounts, and that the respondents failed to take sufficient steps to redress this matter and replenish the funds depleted by the unauthorized user.  On this basis, bar counsel alleged that the respondents failed to maintain and negligently misused client funds in violation of Mass. R. Prof. C. 1.15 (b) (1) and 8.4 (h), as appearing in 471 Mass. 1482 (2015).  The hearing committee and the board determined that this unauthorized use did occur.  Even so, they concluded that bar counsel had not proven the alleged violations of Mass. R. Prof. C. 1.15 (b) (1) and 8.4 (h) with respect to the respondents' purported failure to take corrective action.  Those conclusions are not disputed in this appeal, so we omit further facts relevant to those allegations.
                [5] One member of the board dissented with respect to the sanction imposed and instead favored a private admonition as to each of the respondents consistent with the recommendation of the hearing committee.  Two members of the board recused themselves.
          [6] Although this fact was not found by the hearing committee, the board inferred that the file for the 2013-2014 investigation was closed because bar counsel was satisfied with the respondents' compliance.  On this ground, the board expressly stated that it did not consider any alleged violations prior to 2018.  Even so, consistent with the finding of the hearing committee, the board considered the 2013-2014 investigation insofar as it established that the respondents were on notice as to the requirements of Mass. R. Prof. C. 1.15 (f) (1) (E).  We defer to the board's determination that with respect to the sanctions imposed, the earlier conduct should be considered in this limited way, which bears on the circumstances of the misconduct at issue.  See Matter of Saab, 406 Mass. 315, 328 (1989), quoting Matter of McInerney, 389 Mass. 528, 531 (1983) ("All bar discipline proceedings take into account the 'totality of the circumstances'").