IN THE MATTER OF JAMES C. DRAGON. November 19, 2003. *Attorney at Law,* Disciplinary proceeding, Disbarment, Commingling of funds.

James C. Dragon (respondent) appeals from a judgment of a single justice of this court disbarring him from the practice of law.[1] We affirm.

Bar counsel filed a petition for discipline against the respondent alleging that, on a number of occasions from November, 1994, through September, 1997, the respondent intentionally deposited personal and business funds into his interest on lawyers' trust account (IOLTA) and used funds in that account to pay himself and expenses of clients for whom he was not holding funds. The respondent filed an answer, attached to which, he claims and bar counsel does not dispute, was a "Statement Offered in Mitigation with Supporting Documents." Following a six-day hearing on the petition, a special hearing officer appointed by the board concluded that the respondent had, on one occasion, deposited funds from a business venture into his IOLTA account to shield them from liability, regularly made misrepresentations to clients to cover up misappropriations, made misrepresentations to bar counsel and during the disciplinary proceedings to conceal or excuse his misuse of client funds, and that at least thirteen of the respondent's clients had been temporarily deprived of their funds for between six weeks and thirty-two months. The special hearing officer issued a report of his findings of fact and conclusions of law, and recommended that the respondent be disbarred.

On the respondent's appeal to the board, an appeal panel adopted the special hearing officer's report and recommendation, and voted unanimously to deny the appeal. The board subsequently voted unanimously to adopt the appeal panel report and its recommendation. Thereafter, the board filed an information and record of proceedings with the county court and, on August 23, 2002, a single justice of this court ordered that the respondent be disbarred.

1. *Substantial evidence.* The respondent does not dispute that he intentionally commingled his own funds with client funds, or that, on numerous occasions, the funds in his IOLTA account were less than properly should have been present. Although he does dispute the board's conclusion that he intended to deprive his clients of funds, there was substantial evidence to support that conclusion. *Matter of Wise*, 433 Mass. 80, 87 (2000). For example, an analysis of the respondent's IOLTA account (which the parties stipulated was accurate) demonstrates that the respondent consistently and rapidly depleted client settlement funds deposited into the account, prior to disbursement to clients. In addition, as the special hearing officer concluded, the respondent continu-

---

[1]The respondent also filed a petition under G. L. c. 211, § 3, with the full court. For the reasons set forth herein, and because he had a right to appeal from the judgment of the single justice, and to seek to correct or modify the record pursuant to Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979), we deny such relief.

ally deposited personal or business funds to address persistent shortfalls in his IOLTA account, and used client funds for personal purposes. As the single justice concluded, "[i]t was well within the board's discretion to reject the respondent's often far-fetched explanations for the deficiencies in his IOLTA account." Disbarment or indefinite suspension is the presumptive sanction for such conduct. *Matter of Schoepfer*, 426 Mass. 183, 185-187 (1997) (disbarment or indefinite suspension is usual sanction for attorneys who mishandle client funds). *Matter of the Discipline of an Attorney*, 392 Mass. 827 (1984).

2. *Statement in mitigation.* In his G. L. c. 211, § 3, petition, the respondent argues that either a sanction less than disbarment, or a rehearing, is warranted, because certain materials that he filed with the board were not included in the documents filed by the board with the single justice. The respondent contends that those materials, had they been considered, would have mitigated the sanction against him. Those materials were not, however, referenced in either party's brief, nor were they included in the record appendix filed with the single justice. See S.J.C. Rule 4:01, § 8 (4), as appearing in 425 Mass. 1309 (1997) ("subsidiary facts found by the Board and contained in its report filed with the information shall be upheld if supported by substantial evidence, upon consideration of the record, or such portions as may be cited by the parties"). Moreover, the appellate rules provide a mechanism for correction or modification of the record if any party believes that it is, for some reason, incomplete or incorrect. Mass. R. A. P. 8 (e), as amended, 378 Mass. 932 (1979). The respondent failed to seek correction of the record before the single justice.[2]

In any event, nothing in the omitted materials detracts from the conclusion that a sanction less than disbarment is not warranted. See *Matter of Segal*, 430 Mass. 359, 364 (1999). Not only are the omitted materials cumulative of argument and evidence presented at the hearing, but they were not offered as evidence at the hearing, they consist largely of hearsay and, moreover, do not constitute evidence of special mitigating circumstances warranting departure from the presumptive sanction.

3. *Sanction of disbarment.* Our de novo review of the record, including the mitigation statement and its attachments, supports the board's recommendation. As the special hearing officer found, no causal relationship was demonstrated between the respondent's misconduct and either a flood in the respondent's office or an illness. See *Matter of Luongo*, 416 Mass. 308, 311 (1993) (no causal connection between claimed mitigating factor and misconduct). Similarly, the record supports the hearing officer's conclusion that time spent on pro bono work had a "negligible impact on" the respondent's workload, and that the respondent demonstrated no other viable explanation for his misconduct. Finally, neither the respondent's reputation in the community, *Matter of Anderson*, 416 Mass. 521, 527 (1993), his attendance at continuing education programs, a change in focus of his law practice, or his workload qualifies as the type of special mitigating factor warranting departure from the presumptive sanction. See *Matter of Kennedy*, 428 Mass. 156, 158-159 (1998) (community service, favorable reputation, and pro bono representation, although commendable, do not "alone offset the consequences of serious unethical conduct"); *Matter of Alter*, 389 Mass. 153 (1983) (remorse, excel-

---

[2]We granted leave to the respondent to file a supplemental record appendix.

lent reputation, pressure of practice, absence of prior discipline, and community service are "typical" mitigating circumstances not given substantial weight).

The single justice's decision not to depart from the presumptive sanction of disbarment or indefinite suspension was appropriate. The absence of special mitigating factors, coupled with the presence of aggravating factors, such as the lack of sophistication or vulnerability of many of the clients whose funds were misappropriated, his apparent lack of appreciation for the ethical rules during the lengthy pattern of misconduct, and the respondent's lack of candor with bar counsel, makes it plain that the sanction of disbarment was warranted.

The judgment of the single justice disbarring the respondent is affirmed.

*So ordered.*

*Roger Geller*, Assistant Bar Counsel.
*Anthony Drago* for James C. Dragon.