IN THE MATTER OF JOHN ARTHUR JOHNSON. May 12, 2005. *Attorney at Law,* Disciplinary proceeding, Suspension, Commingling of funds.

Bar counsel appeals from the order of a single justice of this court ordering the respondent, John Arthur Johnson, be suspended from the practice of law for thirty months. We vacate the judgment, and remand the case to the county court for the entry of judgment indefinitely suspending the respondent from the practice of law.

Bar counsel filed a two-count petition for discipline with the Board of Bar Overseers (board), alleging that the respondent violated various disciplinary rules arising out of his representation of two clients. The allegations were deemed admitted, pursuant to S.J.C. Rule 4:01, § 8 (3), as amended, 430 Mass. 1314 (1999), and have not been challenged on appeal. In summary, the respondent deposited two checks issued by insurance companies for the benefit of his clients into his business checking account, rather than into either an IOLTA or designated trust account. He thereby commingled funds in violation of Mass. R. Prof. C. 1.15 (a), (d), and (e), 426 Mass. 1363 (1998). The respondent then used a portion of his clients' funds to pay his own personal and business expenses, "with the intent to deprive [his client] of the funds at least temporarily and with actual deprivation resulting," in violation of Mass. R. Prof. C. 1.15 (b), 426 Mass. 1363 (1998), Mass. R. Prof. C. 8.4 (c), 426 Mass. 1429 (1998), and Mass. R. Prof. C. 8.4 (g), as amended, 427 Mass. 1301 (1998). In one of the cases, the respondent also failed to execute a written contingent fee agreement, in violation of S.J.C. Rule 3:05 (4), as appearing in 382 Mass. 762 (1981), and S.J.C. Rule 3:07, Canon 2, DR 2-106 (C),

382 Mass. 772 (1981),[1] and failed promptly to surrender his client's file and other property after he had been discharged. Mass. R. Prof. C. 1.16 (a) (3), 426 Mass. 1369 (1998). After complaints were lodged with bar counsel, the respondent made restitution to both clients.

The board filed an information in the Supreme Judicial Court for Suffolk County, recommending that the respondent be indefinitely suspended from the practice of law. On the respondent's motion, the single justice remanded the matter to the board "for the limited purpose of permitting [the respondent] [for the first time[2]] to present evidence and argument as to mitigation and the appropriate sanction." A panel of the board held a hearing at which the respondent testified; thereafter, it issued a report containing findings of fact and conclusions of law, and recommended that the respondent be indefinitely suspended. Among other things, the panel concluded that the respondent's straitened financial circumstances and personal difficulties, while substantial, were not causally related to his misconduct. See *Matter of Dragon*, 440 Mass. 1023, 1024 (2003) (no causal relationship between claimed mitigating factors and misconduct); *Matter of Luongo*, 416 Mass. 308, 311 (1993) (same). The board filed a second information, again recommending that the respondent be indefinitely suspended from the practice of law.

Disbarment or indefinite suspension is the presumptive sanction if "an attorney intended to deprive [a] client of funds, permanently or temporarily, or if the client was deprived of funds (no matter what the attorney intended)." *Matter of Schoepfer*, 426 Mass. 183, 188 (1997). In this case, the single justice concluded that, while none of the particular circumstances offered by the respondent in mitigation, by themselves, would warrant a departure from the presumptive sanction, in the "totality of the circumstances," the case was similar to *Matter of Guidry*, 15 Mass. Att'y Discipline Rep. 255 (1999), in which a thirty-month term suspension was imposed. The single justice therefore imposed that same sanction. On appeal, we review de novo the sanction imposed by the single justice to determine whether it "is markedly disparate from judgments in comparable cases," *Matter of Foley*, 439 Mass. 324, 333 (2003), quoting *Matter of Finn*, 433 Mass. 418, 422-423 (2001), giving deference to the board's recommendation. *Matter of Hoicka*, 442 Mass. 1004, 1006 (2004).

Our review of the respondent's conduct, taking into consideration the board's recommendation, the evidence offered in mitigation, and the sanctions imposed in analogous cases, *Matter of Moore*, 442 Mass. 285, 290-291 (2004), leads us to a result different from that of the single justice. In *Matter of Guidry, supra*, the conduct was similar to that of this respondent: Guidry deposited a check for the benefit of his clients into his business account, and used a portion of the funds for personal or business purposes. The difference is the evidence of mitigating circumstances. In that case, given "extreme financial and emotional stress arising from grave and acute family matters," bar counsel agreed to recommend that the respondent be suspended for thirty months, and a single justice accepted the agreed-upon disposition. *Id.* at 256.

---

[1]Before January 1, 1998, the Canons of Ethics and Disciplinary Rules governed attorney conduct; since that date, the Massachusetts Rules of Professional Conduct have applied.

[2]When the matter was before the board initially, the respondent did not offer evidence or argument as to mitigation.

We have reviewed the record in the *Guidry* case, and conclude that the mitigating circumstances in that case are distinguishable from those in this case for at least the following reasons: (1) the "grave and acute" problems and the "consequent financial crisis they caused occurred during the time of the misappropriation," and their escalation interfered with his ability to repay his clients; (2) bar counsel recommended a term suspension, given the facts of the case; and (3) Guidry made restitution before the clients filed their complaint with bar counsel. Although we recognize some similarity to the circumstances in *Matter of Guidry, supra,* we cannot conclude that they rose to the level of a "disability" that caused his misconduct, or warrant a lesser sanction than what is usual and presumptive. *Matter of Schoepfer, supra* at 188 ("If a disability caused a lawyer's conduct, the discipline should be moderated . . .").

The panel of the board that heard the respondent's evidence specifically concluded that he had not demonstrated a causal relationship between his circumstances and his misconduct. For example, while the tragic fatal injuries of a family member surely caused him anguish, his misappropriation of client funds commenced before he received word of that event. Moreover, the respondent's professional difficulties and financial reversals began years before the misconduct and, while they undoubtedly were stressful, cannot excuse or explain abdication of professional responsibilities. *Matter of Alter,* 389 Mass. 153, 157 (1983) (remorse, excellent reputation, pressure of practice, absence of prior discipline and community discipline are "typical" mitigating circumstances not given substantial weight). Finally, while there was evidence that the respondent increased his alcohol consumption in the years prior to the misconduct, he did not show that it was a cause of the disciplinary violations. E.g., *Matter of Luongo, supra* at 311 (no showing that "alcoholism was a cause of any of his disciplinary violations").

We vacate the order of the single justice, and remand the case to the county court for entry of an order indefinitely suspending the respondent from the practice of law.

*So ordered.*

*John Arthur Johnson,* pro se.
*Roger Geller,* Assistant Bar Counsel.