IN THE MATTER OF GALE ROSALYN JOHNSON. September 18, 2008. *Attorney at Law*, Suspension.

The respondent, Gale Rosalyn Johnson, appeals from an order of a single justice of this court indefinitely suspending her from the practice of law. We affirm.

*Background.* Bar counsel filed a petition for discipline with the Board of Bar Overseers (board) alleging that, during the period from February, 2004, through November, 2004, the respondent intentionally misappropriated the funds of three clients, used subsequent clients' funds to repay clients whose funds previously had been converted, commingled funds, indorsed a client's name on a settlement check without authorization, and made false statements to bar counsel. The respondent answered the petition, and the parties subsequently stipulated to the material facts alleged in it. A special hearing officer of the board found facts supporting the misconduct alleged in the petition, as well as facts in aggravation and mitigation, rejected the respondent's contention that special mitigating factors required a departure from the presumptive sanction, and recommended that she be indefinitely suspended from the practice of law.

The respondent appealed to the board, challenging only the special hearing officer's rejection of her claims in mitigation. She sought a twenty-four month suspension with certain practice restrictions on reinstatement, with leave to practice as a paralegal during the suspension. After oral argument, the board adopted the special hearing officer's findings of fact, conclusions of law, and recommendation, and filed an information with the county court, pursuant to S.J.C. Rule 4:01, § 8 (4), as appearing in 425 Mass. 1309 (1997). A single justice of this court accepted the board's recommendation, ordered the respondent indefinitely suspended from the practice of law, and imposed costs.

*Discussion.* Primarily at issue on appeal is whether the factors alleged by the respondent in mitigation require a departure from the presumptive sanction of indefinite suspension or disbarment for misappropriation of client funds. *Matter of Barrett*, 447 Mass. 453, 463 (2006), citing *Matter of Schoepfer*, 426 Mass. 183, 186-187 (1997).[1] In reviewing the sanction ordered by the single justice, we consider whether it "is markedly disparate from those ordinarily

---

[1]There is no dispute that substantial evidence supported the board's findings of fact and conclusions of law with respect to the misconduct.

entered by the various single justices in similar cases," *Matter of Alter*, 389 Mass. 153, 156 (1983), recognizing that "[e]ach case must be decided on its own merits and every offending attorney must receive the disposition most appropriate in the circumstances." *Matter of Crossen*, 450 Mass. 533, 574 (2008), quoting *Matter of the Discipline of an Attorney*, 392 Mass. 827, 837 (1984). Our review is de novo "in the sense that no special deference is given to the single justice's determination," *Matter of Doyle*, 429 Mass. 1013, 1013 (1999), but it is "tempered with substantial deference to the board's recommendation." *Matter of Foley*, 439 Mass. 324, 333 (2003). While we acknowledge that restitution is a factor in selecting indefinite suspension, see *Matter of Bryan*, 411 Mass. 288, 292 (1991), the question before us is whether special mitigating factors warrant imposition of a lesser sanction in this case.

In general, as the trier of fact, the board's special hearing officer is the "sole judge of the credibility of the testimony presented at the hearing." S.J.C. Rule 4:01, § 8 (4). See *Matter of Barrett, supra* at 460; *Matter of Concemi*, 422 Mass. 326, 328 (1996). Additionally, "[w]e accord great weight to the findings of fact, conclusions of law, and recommendations of the board on its review of the special hearing officer's report, upholding subsidiary facts found by the board that are supported by substantial evidence when the record is viewed in its entirety." *Matter of Curry*, 450 Mass. 503, 519 (2008).

While there may be circumstances where medical, psychological, or other mitigating factors will warrant a reduction from the presumptive sanction, this is not such a case. The record supports the special hearing officer's findings, adopted by the board, that the respondent's long-standing financial problems, exacerbated by gambling large sums of money over a substantial period of time, rather than a medical or psychological disability, caused the misappropriation of client funds. See *Matter of Johnson*, 444 Mass. 1002, 1004 (2005) (while personal and financial difficulties surely caused respondent anguish, professional difficulties and financial reversals began years before misconduct and could not "excuse or explain abdication of professional responsibilities"). In particular, the special hearing officer declined to credit testimony that the respondent suffered from a "fugue" or dissociative state during the period of misappropriation. This is consistent with the special hearing officer's finding, among other things, that the respondent was "less than candid with her therapist concerning her serial and systematic misuse of clients' funds for personal uses," and that her professional activities during that period belied a " 'fugue' state." The special hearing officer's observation is well taken that "methodical and systematic" misuse of funds for personal purposes is inconsistent with any conclusion that the respondent was operating under a cognitive disability.

In these circumstances, we conclude that an order of indefinite suspension is not markedly disparate from the sanction imposed in comparable cases, and that the single justice did not err in accepting the board's recommendation. See *Matter of Foley, supra* at 333. While the respondent likens her circumstances to those in *Matter of Guidry*, 15 Mass. Att'y Discipline Rep. 255 (1999), the mitigating circumstances in that case are distinguishable from the respondent's, which are more comparable to *Matter of Johnson, supra*, where we distinguished *Matter of Guidry, supra*, as follows:

"(1) the 'grave and acute' problems and the 'consequent financial

crisis they caused occurred during the time of the misappropriation,' and their escalation interfered with his ability to repay his clients; (2) bar counsel recommended a term suspension, given the facts of the case; and (3) Guidry made restitution before the clients filed their complaint with bar counsel."

Notably, the board has not recommended a lesser sanction in this case, and we give substantial deference to its recommendation. Moreover, unlike Guidry, who made restitution before bar counsel was involved, the respondent made restitution to the first client only after a complaint was filed, and to the second client only after bar counsel became aware of the misappropriations. In addition, as in *Matter of Johnson, supra,* the respondent's financial difficulties began well before the misconduct occurred. On this record, we cannot conclude that the respondent's medical and personal problems at the time of the misconduct "rose to the level of a 'disability' that caused [the] misconduct, or warrant a lesser sanction than what is usual and presumptive." *Id.,* citing *Matter of Schoepfer, supra* at 188.[2]

*Conclusion.* We affirm the order of the single justice indefinitely suspending the respondent from the practice of law and imposing costs of $ 1,746.86.[3]

*So ordered.*

*Lester E. Riordan, III,* for the respondent.
*Constance V. Vecchione,* Bar Counsel.


---

[2]In aggravation of sanction, the special hearing officer found that the respondent previously had received an admonition for borrowing money from a client on a trip to a casino. He also found that the respondent had violated a probation agreement with bar counsel, pursuant to which two earlier complaints had been dismissed, by failing to provide accounting reports. The board adopted the special hearing officer's findings. See *Matter of Saab,* 406 Mass. 315, 328 (1989).

[3]Before this court, the respondent sought leave to work as a paralegal during the period of her suspension. She does not appear to have sought such relief from the single justice, and we do not, therefore, address that point on appeal. We note, however, that S.J.C. Rule 4:01, § 18 (3), as appearing in 430 Mass. 1329 (1999), provides that "[a]t any time . . . after the expiration of four years in a case in which an indefinite suspension has been ordered . . . a lawyer may move for leave to engage in employment as a paralegal."