NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12356


IN THE MATTER OF ROBERT C. MORAN.



April 20, 2018.



Attorney at Law, Disciplinary proceeding, Suspension, Deceit, Drafting of will.


The respondent, Robert C. Moran, appeals from an order of a single justice of this court, acting on an information filed by the Board of Bar Overseers (board), suspending him from the practice of law for nine months.  We vacate the order and remand the case for the entry of an order suspending the respondent from the practice of law for fifteen months.[1]

1.  Background.  Bar counsel filed an amended five-count petition for discipline with the board alleging multiple acts of misconduct in connection with the respondent's handling of the affairs of two elderly clients, both of whom are now deceased. Two counts alleged that the respondent charged excessive fees;[2] that he failed to inform his clients of fees for services rendered and fee withdrawals;[3] that he held the clients' funds in

---

[1] This bar discipline appeal is subject to the court's rule governing such appeals.  See S.J.C. Rule 2:23, 471 Mass. 1303 (2015).  We have reviewed the materials filed.  Pursuant to the rule, we dispense with further briefing and oral argument.

[2] See Mass. R. Prof. C. 1.5 (a), as appearing in 459 Mass. 1301 (2011).

[3] See Mass. R. Prof. C. 1.15 (d) (2), as appearing in 440 Mass. 1338 (2004).

nontrust accounts;[4] and that he drafted testamentary instruments for both clients that included substantial testamentary gifts to himself.[5]  Two other counts concerned the respondent's conduct as executor for the same clients' estates.  They alleged that the respondent failed to render diligent and competent services;[6] that he charged and collected excessive fees;[7] that he failed to hold estate funds in segregated interest-bearing accounts;[8] that he negotiated and withdrew estate funds before his appointment as executor;[9] and that he intentionally misrepresented, under oath, the amount of estate assets in a probate court filing for one estate.[10]  The fifth count charged misconduct in connection with trust accounts and trust funds.[11]  The respondent answered and asserted certain facts in mitigation.  See S.J.C. Rule 4:01, § 8 (3), as appearing in 453 Mass. 1310 (2009) ("[a]verments in the petition are admitted when not denied in the answer").

A hearing committee of the board conducted an evidentiary hearing and determined that bar counsel had proved, with limited exceptions, the petition's allegations.  A majority of the committee recommended that the respondent be publicly reprimanded; a dissenting member found additional facts supporting violation of Mass. R. Prof. C. 1.8 (c), 426 Mass.

---

[4] See Mass. R. Prof. C. 1.15 (b) (1), as appearing in 440 Mass. 1338 (2004).

[5] See Mass. R. Prof. C. 1.8 (c), 426 Mass. 1338 (1998).

[6] See Mass. R. Prof. C. 1.1, 426 Mass. 1308 (1998); Mass. R. Prof. C. 1.2 (a), 426 Mass. 1310 (1998); Mass. R. Prof. C. 1.3, 426 Mass. 1313 (1998); Mass. R. Prof. C. 1.15 (c), (d) (1), as appearing in 440 Mass. 1338 (2004); Mass. R. Prof. C. 3.4 (c), 426 Mass. 1389 (1998); Mass. R. Prof. 8.4 (d), 426 Mass. 1429 (1998).

[7] See Mass. R. Prof. C. 1.5 (a).

[8] See Mass. R. Prof. C. 1.15 (b) (1), (e) (5), as appearing in 440 Mass. 1338 (2004).

[9] See Mass. R. Prof. C. 1.1, 3.4 (c), 8.4 (d).

[10] See Mass. R. Prof. C. 3.3 (a) (1), 8.4 (c), (d), (h), 426 Mass. 1383 (1998).

[11] See Mass. R. Prof. C. 1.15.

1338 (1998) (substantial testamentary gifts), and recommended a greater sanction. Both the respondent and bar counsel appealed to the board. The board adopted the dissenting hearing committee member's factual findings concerning the additional misconduct, and the hearing committee's findings as to remaining misconduct and the factors in aggravation. It voted to recommend that the respondent be suspended from the practice of law for nine months, as well as that a reinstatement hearing be required on any petition for reinstatement. It also recommended that the respondent be permitted to apply for reinstatement after six months of suspension. The board filed a corresponding information in the county court. After a hearing, a single justice considered and discussed at length each of the respondent's contentions. She ordered that the respondent be suspended for a period of nine months, with the additional requirement of a reinstatement hearing. The respondent appeals.

2. Sufficiency of the evidence of misconduct. The single justice reviewed the record establishing the misconduct charged in the petition, accepted the hearing committee's role as the "sole judge of the credibility of the testimony presented at the hearing," S.J.C. Rule 4:01, § 8 (5) (a), as appearing in 453 Mass. 1310 (2009), and determined that the board's findings concerning the respondent's misconduct were supported by substantial evidence. See Matter of Johnson, 452 Mass. 1010, 1011 (2008). On appeal, "[w]e review the single justice's decision (on issues other than the initial choice of a sanction at the disciplinary stage) to determine whether there has been an abuse of discretion or clear error of law." Matter of Weiss, 474 Mass. 1001, 1002 (2016). There was no error.

a. General claims of error. The respondent does not mount a substantial challenge on appeal to the weight of the evidence supporting the most serious charges of misconduct found by the board. He contends generally that the hearing committee and the board improperly relied on the Massachusetts Rules of Professional Conduct, S.J.C. Rule 3:07, 426 Mass. 1303 (1998), because the rules themselves were not offered in evidence at the hearing, and the hearing committee did not notify the parties that it would take notice of them, pursuant to G. L. c. 30A, § 11 (5). As the single justice recognized, however, § 11 (5) pertains to judicially noticed facts, not rules of court concerning attorney discipline. The board and its hearing committee may take notice of the disciplinary rules as a matter of course. Cf. Cohen v. Assessors of Boston, 344 Mass. 268, 269 (1962) (in Appellate Tax Board proceedings, "[t]he rules of the board are necessarily before it in all the cases which it

hears"); Mass. G. Evid. § 202 (2018) (judicial notice of law, including Massachusetts statutes, common law, rules of court, and codified regulations); M.S. Brodin & M. Avery, Handbook of Massachusetts Evidence § 2.8.1, at 54 (2018), and cases cited (general or public law of Commonwealth judicially noticed without request).

There was likewise no error in the hearing committee's and the board's reliance on the respondent's answer to the amended petition for discipline. Under applicable rules, admissions contained in a pleading are considered established, and there is no additional requirement that the pleading itself be introduced in evidence. See S.J.C. Rule 4:01, § 8 (3) (a), as appearing in 453 Mass. 1310 (2009) (averments in petition for discipline are deemed admitted if not denied in answer); Rule 3.15(d) of the Rules of the Board of Bar Overseers (2009) (same). Cf. Mass. G. Evid. § 611 note on binding admissions, at 134 (2018), and cases cited (statement of fact or declaration in pleading is binding admission and relieves opposing party of need to present evidence on issue); Mass. R. App. P. 8 (a), as amended, 378 Mass. 932 (1979) (record on appeal includes pleadings); 801 Code Mass. Regs. § 1.01(10)(k) (1998) (record of adjudicatory proceedings includes pleadings).

The respondent's remaining arguments primarily focus on three issues related to the board's determination that he charged or collected clearly excessive fees. See Mass. R. Prof. C. 1.5, as appearing in 459 Mass. 1301 (2011) (lawyer shall not "charge, or collect an illegal or clearly excessive fee"). As we discuss below, none of those claims has merit. Moreover, from a disciplinary perspective, they are also largely beside the point because of the other very serious misconduct charged and found by the board, the consequences of which are more severe than those associated with charging a clearly excessive fee. We therefore address the more serious allegations of misconduct first.

b. _False statement_. In connection with his representation of one client, the respondent filed an estate inventory with the probate court, which he signed under oath, that knowingly misrepresented estate assets. _Matter of Neitlich_, 413 Mass. 416, 422-423 (1992) (knowing misrepresentation to court concerning terms of pending transaction warranted one-year suspension). As the board observed, the respondent's misrepresentation effectively obscured from the probate court's review certain payments that he either had made or expected to make, including payments to himself. This conduct violated

Mass. R. Prof. C. 3.3 (a) (1), and 8.4 (c), (d), and (h), 426
Mass. 1383 (1998).

   c.  Testamentary gifts.  Over the course of years, the
respondent prepared a series of wills and durable powers of
attorney for these clients, neither of whom he was related to by
blood or marriage.  The final durable power of attorney for each
client appointed the respondent as attorney-in-fact, and each
will nominated him as the executor.  Each will bequeathed all of
the client's tangible personal property to the respondent, and
included a request that the respondent distribute the items as
the client might subsequently indicate.  One will also made
specific bequests to individuals and charities.  By preparing
testamentary instruments for two clients providing for
substantial testamentary gifts to himself, the respondent
violated Mass. R. Prof. C. 1.8 (c).[12]  See Matter of Wainwright,
28 Mass. Att'y Discipline Rep. 883, 883 (2012) (public
reprimand).  The rule strictly proscribes such gifts, even in
the absence of undue influence, overreaching, fraud, or
misrepresentation.  Id.

   d.  Lack of diligence.  The hearing committee's findings
amply support its conclusion that the respondent engaged in
lengthy delays in settling both estates.  By failing to marshal
and liquidate estate assets promptly, resulting in unnecessary
expense and escheat of some assets, failing to file timely
estate inventories, and delaying distribution of estate assets
for years, while simultaneously failing to complete probate of
the estates, the respondent's conduct violated Mass. R. Prof. C.
1.2 (a),  426 Mass. 1310 (1998) (failure to seek client's lawful
objectives); Mass. R. Prof. C. 1.3, 426 Mass. 1313 (1998) (lack
of diligence); and Mass. R. Prof. C. 1.15 (c), as appearing in
440 Mass. 1338 (2004) (failure promptly to deliver funds to

----

   [12] The board correctly concluded that the testamentary gifts
were "substantial," where they had a collective value from one
estate of at least $7,500 (more than five per cent of the gross
estate), and more than $8,000 from the other.  See Matter of
Moran, 27 Mass. Att'y Discipline Rep. 612, 612-613 (2011) (two-
month suspension for drafting instrument providing $15,000
bequest to attorney where client's assets were in excess of
$380,000, exclusive of home, about four per cent of assets);
Matter of Field, 20 Mass. Att'y Discipline Rep. 140, 142 (2004)
(public reprimand for preparing will containing $25,000 bequest
to lawyer's wife, where bequest represented less than two per
cent of client's estate).

third parties).  See Matter of Bottomly, 2 Mass. Att'y Discipline Rep. 19, 22 (1980) (beneficiaries harmed by lawyer's delay in making restitution; six month suspension warranted).  See also Matter of Munroe, 26 Mass. Att'y Discipline Rep. 385 (2010); Matter of Reardon, 22 Mass. Att'y Discipline Rep. 640, 646 (2006).

e.  Trust account violations.  The amended petition for discipline charged the respondent with numerous client trust account and accounting violations.  The respondent failed to hold personal funds of his clients, and funds belonging to their estates, in trust accounts, in violation of Mass. R. Prof. C. 1.15 (b) (1) , as appearing in 440 Mass. 1338 (2004).  Admonition No. 05-20, 21 Mass. Att'y Discipline Rep. 712 (2005).  He failed to disclose to his clients the payments he made to himself, in violation of Mass. R. Prof. 1.15 (d), as appearing in 440 Mass. 1338 (2004), and failed to keep required trust account records.  The respondent did not dispute the majority of these charges, and the hearing committee found the respondent had violated the applicable rules.  Together, these violations would ordinarily support a public reprimand.  See Matter of Beatrice, 23 Mass. Att'y Discipline Rep. 31 (2007); Matter of Soforenko, 22 Mass. Att'y Discipline Rep. 732 (2006).

f.  Excessive fees.  As stated, the respondent's primary focus is on three issues related to the board's determination that he charged or collected clearly excessive fees.  See Mass. R. Prof. C. 1.5.  The single justice correctly concluded that there was no error.

i.  Spreadsheets.  First, the respondent contends that the hearing committee erred in permitting the use of certain spreadsheets that had been prepared as "chalks" by bar counsel at the hearing.  The spreadsheets summarized approximately 750 pages of the respondent's handwritten notes describing the services he performed for both clients over the course of many years, and classified the services into various categories.  Although the respondent contends that the choice to classify certain tasks as either legal or nonlegal impermissibly interjected bar counsel's opinion into the chalk, the handwritten notes themselves were admitted in evidence and the hearing committee conducted its own review of them.  In these circumstances, the single justice concluded that the hearing committee did not abuse its discretion in permitting the use of the spreadsheets as chalks, and the respondent failed to demonstrate prejudicial error in that regard.  See Commonwealth v. Greenberg, 339 Mass. 557, 581-582 (1959) ("judge could

properly find that concise schedules demonstrating the transactions would be helpful to the jury).  See also Mass. G. Evid. § 1006 (2018) ("proponent may use a summary, chart, or the like to prove the content of voluminous writings or records that cannot be conveniently examined in court").[13]

     ii.  Expert witness.  Second, the respondent contends that the hearing committee erred in qualifying a witness as an expert at the hearing, and that there was an inadequate factual basis for his opinion.  The hearing committee's findings establish, however, that the witness has many years of experience in numerous aspects of probate law, and previously has been qualified and testified as an expert in bar discipline cases.  The respondent has not demonstrated that the committee abused its discretion in qualifying the witness as an expert or in crediting his testimony.  See Commonwealth v. Mahoney, 406 Mass. 843, 852 (1990) (tribunal has broad discretion to qualify an expert witness, and its determination "will not be upset on appeal if any reasonable basis appears for it").  Likewise, the respondent failed to demonstrate that there was an inadequate factual basis for the expert's opinion as to the unreasonableness of the respondent's fees.  While the expert did not review all 750 pages of the respondent's handwritten notes, he testified that he verified and cross-checked a sufficient portion of the materials to satisfy himself as to the accuracy of the spreadsheets.  Moreover, the hearing committee conducted its own review of the respondent's records and notes.  The committee was therefore within its discretion in admitting the expert's testimony in this regard.

     iii.  Due process.  Third, the respondent complains that the hearing committee failed to give him a full and fair hearing because, he contends, it unfairly limited his testimony and prohibited him from relying on the approximately 750 pages of

_____

[13] We recognize that the board and its hearing committee need not strictly apply the rules of evidence in bar discipline proceedings.  See Rule 3.39 of the Rules of the Board of Bar Overseers (admissibility of evidence governed by rules applicable to adjudicatory proceedings under G. L. c. 30A); Matter of Abbott, 437 Mass. 384, 393 (2002).  See also G. L. c. 30A, § 11 (2) ("agencies need not observe the rules of evidence observed by courts . . . .  Evidence may be admitted and given probative effect only if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs"); Mass. G. Evid. § 1101(c)(3) (2018).

handwritten notes during his testimony. The single justice correctly rejected both points. Although nine days initially were allocated for the hearing, the hearing committee indicated that more would be scheduled if necessary. The respondent concedes that he did not exhaust the initial time allotment, and he does not suggest anything he would have done differently if additional time had been scheduled. With respect to reliance on the notes, the committee specifically instructed that it would permit the respondent to refer to them "for a particular point to be made," which he in fact did. "The respondent was afforded notice and the opportunity to be heard, to present evidence, and to challenge evidence against him. He has had the opportunity to appeal to a panel of the board, the board, a single justice, and the full court." Matter of Eisenhauer, 426 Mass. 448, 454, cert. denied, 524 U.S. 919 (1998). The single justice did not err in concluding that the respondent was not denied a full and fair hearing.

A final observation: even if the board's characterization of some of the particular services rendered by the respondent as legal or nonlegal may be debatable, much of it is not. There can be no denying, for example, that services such as snow shoveling, moving and house cleaning, shopping, and making funeral arrangements are not legal services. See Matter of Eisenhauer, 426 Mass. at 452 (expert testimony not required to prove ethical violation of rule proscribing charging excessive fees). The evidence established that the respondent charged for these and other nonlegal services as if they were legal services, in violation of Mass. R. Prof. C. 1.5 (lawyer shall not "charge, or collect an illegal or clearly excessive fee"). A "lawyer may not bill nonlawyer services at lawyer rates, no matter who performs them." E.J. Bennett, E.J. Cohen, & H.W. Gunnarsson, Annotated Model Rules of Professional Conduct 81 (8th ed. 2015). See Matter of Moore, 29 Mass. Att'y Discipline Rep. 461 (2013); Matter of Chignola, 25 Mass. Att'y Discipline Rep. 112, 112-113 (2009) (public reprimand for charging and collecting fees for nonlegal services and trust account violations); Matter of Harbeck, 23 Mass. Att'y Discipline Rep. 262, 262-263 (2007) (charging for nonlegal work at legal rates constitutes excessive fee); Matter of Kliger, 18 Mass. Att'y Discipline Rep. 350 (2002).

3. Appropriate sanction. The findings adopted by the board amply support the conclusion that the respondent repeatedly violated multiple rules of professional conduct. We therefore turn to the question of sanction. In reviewing the single justice's choice of sanction, we inquire whether it is

"markedly disparate from those ordinarily entered by the various single justices in similar cases."[14]  Matter of Alter, 389 Mass. 153, 156 (1983).  In this case, considering the "cumulative effect of the several violations committed by the respondent," Matter of Palmer, 413 Mass. 33, 38 (1992), we conclude that a fifteen-month suspension is appropriate.  See Matter of Gordon, 385 Mass. 48, 58 (1982) (while the board's recommendation as to sanction is entitled to substantial deference, "ultimate duty of decision rests with this court").  Although we give substantial deference to the board's recommendation, see Matter of Eisenhauer, 426 Mass. at 455, we ultimately "decide every case 'on its own merits [such that] every offending attorney . . . receive[s] the disposition most appropriate in the circumstances."  Matter of Lupo, 447 Mass. 345, 356 (2006).

The respondent here knowingly misrepresented estate assets on an inventory he filed, under oath, in the probate court, the effect of which was to obscure from the probate court's consideration payments the respondent had made or intended to make to himself and others.  An intentional misrepresentation to a court typically warrants a suspension of at least one year.  See Matter of an Application for Admission to the Bar, 431 Mass. 678, 682 n.6 (2000); Matter of McCarthy, 416 Mass. 423, 431-432 (1993); Matter of Neitlich, 413 Mass. at 422-423.  Where the misrepresentation is made under oath, a longer suspension is warranted.  See Matter of Diviacchi, 475 Mass. 1013, 1020 (2016) (twenty-seven month suspension for misconduct including charging clearly excessive fee and false statements to tribunal); Matter of Finneran, 455 Mass. 722, 731 n.13 (2010) (two-year suspension for false testimony under oath); Matter of Shaw, 427 Mass. 764, 769-770 (1998) (two-year suspension for multiple false statements under oath).  Cf. Matter of Smoot, 26 Mass. Att'y Discipline R. 637, 643 (2010) (six-month suspension where misrepresentation did not bear on substantive merits of client's case).

In addition, the respondent engaged in other serious misconduct.  He charged and collected clearly excessive fees from two clients and, after their deaths, from their estates. He did so both as a lawyer and an attorney-in-fact acting under a durable power of attorney during the lifetimes of his clients, and as an attorney and executor after their deaths.  Considered individually, any one of those actions would warrant a public reprimand.  See Matter of Fordham, 423 Mass. 481 (1996), cert.

---

[14] In the county court, bar counsel requested that the single justice impose a suspension of eighteen months or more.

denied sub nom. Fordham v. Massachusetts Bar Counsel, 519 U.S. 1149 (1997). See also Grimes v. Perkins School for the Blind, 22 Mass. App. Ct. 439 (1986). Additionally, although no undue influence, overreaching, fraud, or misrepresentation was found, the respondent prepared testamentary instruments for both clients, which provided for substantial testamentary gifts to himself. Conduct of this nature also warrants a public reprimand. Matter of Wainwright, 28 Mass. Att'y Discipline Rep. at 883. Considered individually, any of the remaining categories of misconduct discussed above also would warrant at least a public reprimand. See Matter of Fordham, supra.

a. Factors in mitigation. The hearing committee considered in mitigation that the respondent's "actions were not engineered to deprive [clients] of their property or to take advantage of them but rather to provide for them and give them a sense of peace in their last days, which they would not have received anywhere else or from anyone else." The committee therefore recommended "a downward departure of the appropriate sanction based on his providing personal services to these two elderly women." It also considered the extensive and detailed client notes the respondent maintained, as well as that he did not conceal his actions. While we acknowledge these considerations, they are not the type of "special" factors that we consider in mitigation of misconduct. Although the respondent evidently provided necessary personal services for his clients, he also charged and collected excessive fees for performing them and did not provide appropriate notice to them. In addition, keeping detailed client records and cooperating with bar counsel in an investigation are actions that are to be expected of attorneys, not factors to be weighed in mitigation of sanction. Finally, although the respondent corrected the misrepresentation to the probate court after bar counsel raised the issue, the fact remains that the misrepresentation was intentional. "As an officer of the court, an attorney . . . is bound to uphold the integrity of that system by being truthful to the court." Matter of Neitlich, 413 Mass. at 423. In the circumstances, the correction does not mitigate the misconduct.

b. Factors in aggravation. Although we find no special mitigating factors, there are factors to be weighed in aggravation. The respondent was admitted to the practice of law in 1977, and since 1999 has been engaged in a solo law practice focusing primarily on probate and estate matters. His substantial experience in the practice of law, including in the practice area in which the misconduct occurred, properly was considered an aggravating factor. See Matter of Luongo, 416

Mass. 308, 311-312 (1993).  In addition, he engaged in multiple acts of misconduct over the course of years.  Matter of Kerlinsky, 428 Mass. 656, 666, cert. denied, 526 U.S. 1160 (1999).  Both clients were particularly vulnerable, given their ages, infirmity, and needs, and the lack of relatives to monitor their affairs.  See Matter of Lupo, 447 Mass. at 354; Matter of Cobb, 445 Mass. 452, 480 (2005); Matter of Palmer, 423 Mass. 647, 651 n.1 (1996).  Finally, as the board observed, the respondent has not demonstrated an understanding about the wrongful nature of the misconduct.  See Matter of Bailey, 439 Mass. 134, 152 (2003); Matter of Eisenhauer, 426 Mass. at 457; Matter of Clooney, 403 Mass. 654, 657 (1988) (attorney's "persistent assertions that he did nothing wrong . . . demonstrated that he 'continue[d] to be unmindful of certain basic ethical precepts of the legal profession'").  Lastly, at least as of the time of the board's decision, the respondent had not refunded or repaid excessive fees received from the clients or their estates.  Matter of Eisenhauer, supra.

4.  Disposition.  The court system depends on the integrity of attorneys who appear before it.  Considering the substantial misconduct in this case, including intentional misrepresentation to the probate court, charging and collecting clearly excessive fees, lack of diligence in the probate of two estates, as well as the other substantial violations of the rules of professional conduct, together with the aggravating factors discussed above, we conclude that a term suspension of fifteen months is appropriate.

So ordered.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Robert C. Moran, pro se.
Susan A. Strauss Weisberg, Assistant Bar Counsel.