SUPREME JUDICIAL COURT 
 
 IN THE MATTER OF EDWARD J. COLLINS

 
 Docket:
 SJC-13471
 
 
 Dates:
 September 20, 2024
 
 
 Present:
 
 
 
 County:
 
 

 
 Keywords:
 Attorney at Law, Disciplinary proceeding, Suspension, Attorney-client relationship, Contingent fee agreement. Board of Bar Overseers.
 
 

      The respondent attorney, Edward J. Collins, appeals from the order of a single justice of this court suspending him from the practice of law.  The matter came before the single justice on the information and record of proceedings filed by the Board of Bar Overseers (board).  The board determined that in his representation of a particular client (client), the goal of which was to prevent her eviction, the respondent failed to act with diligence, consistently presented frivolous arguments, and repeatedly refused to comply with court orders.  As a consequence of the respondent's misconduct, the client forfeited certain appellate rights, was subject to default and contempt judgments, as well as a capias, and was ordered to pay significant fees and costs.  Based on its findings of misconduct, as well as certain aggravating factors, the board recommended, and the single justice ordered, that the respondent be suspended from practicing law in the Commonwealth for a period of eighteen months and that he be required to petition for reinstatement pursuant to S.J.C. Rule 4:01, § 18, as appearing in 453 Mass. 1315 (2009).  We affirm.[1]
     1.  Facts found by the committee and adopted by the board.  We summarize the relevant factual findings of the hearing committee, as adopted by the board.  We agree with the single justice that the findings are supported by substantial evidence.  See S.J.C. Rule 4:01, § 8 (6), as appearing in 453 Mass. 1310 (2009).
     The respondent was admitted to the Massachusetts bar in 1974, and in 1975, he was admitted to the bars of the United States District Court for the District of Massachusetts and the United States Court of Appeals for the First Circuit.       
     In 2003, the First Circuit suspended the respondent from practicing law before that court for a period of one year after concluding that he failed to comply with a court order to pay monetary sanctions for the filing of a frivolous appeal.  See Maher v. Hyde, 272 F.3d 83, 86-88 (1st Cir. 2001).  A petition for reciprocal discipline was filed in the county court, where a single justice entered an order suspending the respondent from practicing law in the Commonwealth for one year.  See Matter of Collins, 19 Mass. Att'y Discipline Rep. 95, 95-100 (2003).  The respondent completed the term of suspension, after which he was reinstated and resumed the practice of law.     
     The cases from which the present disciplinary proceedings arise had their origin in 2014, when the client's husband died and she was served with a notice to quit the house in which she was living on Parmenter Road in Wayland (property).  The title to the property was in the husband's name, and many years before his death, he deeded it to himself and four of his daughters (daughters) from a previous marriage as joint tenants with a right of survivorship.  The client was unaware of this deed until after her husband died.  In December 2014, she was served with the notice to quit.
     The client needed an attorney, and the respondent, a neighbor and acquaintance, agreed to represent her.  There was no written fee agreement between the respondent and the client.  Rather, the respondent advised the client verbally that while he would not charge her for the recovery of her interest in the property, he would "probably charge her [one-third] of any recovery above" that value.  The respondent also communicated at times with the client's son-in-law, an attorney licensed in another State.  The respondent's advice to the client, which was also communicated to her son-in-law, was that the client had ownership rights in the property pursuant to the spousal elective share statute, G. L. c. 191, § 15, and that under the Homestead Act, G. L. c. 188, the client was entitled to a life estate in the property.
     In March 2015, the daughters commenced a summary process action in the Framingham Division of the District Court seeking to evict the client.  The respondent represented the client in that proceeding, and he raised there the arguments regarding the client's purported rights under the spousal elective share statute and the Homestead Act.  The court issued a judgment in favor of the daughters, and the respondent appealed from the decision to the Appellate Division of the District Court (Appellate Division), which affirmed the judgment.  In doing so, it addressed and rejected the respondent's arguments regarding the spousal elective share statute and the Homestead Act.  The respondent noticed an appeal from the Appellate Division's decision to the Appeals Court.
     In June 2015, shortly before the summary process judgment, the respondent filed a complaint against the daughters in the Middlesex County Division of the Probate and Family Court seeking a declaration that the client had an ownership interest in the property pursuant to the spousal elective share statute and the Homestead Act.  A judge dismissed the client's case on the daughters' motion for judgment on the pleadings, and his opinion addressed at length and rejected the respondent's argument regarding his client's purported rights under the spousal elective share statute.  The respondent noticed an appeal from this decision to the Appeals Court.
     In June 2016, the daughters filed a complaint in the Middlesex County Superior Court seeking use and occupancy payments from the client.  The client did not file a timely answer, and on August 12, 2016, a default judgment entered against the client in the total amount of $72,000 in use and occupancy payments plus $9,423.04 in interest, fees, and costs.  The respondent noticed an appeal from this decision to the Appeals Court.  
      On December 14, 2016, the three appeals were consolidated in the Appeals Court.  The respondent did not file a brief on the client's behalf, and on February 27, 2017, the Appeals Court dismissed the client's consolidated appeals for lack of prosecution.[2]  Afterward, the Framingham Division of the District Court issued execution of its judgment for possession of the property.  The client received an eviction notice in early April. 
     The respondent advised the client to file for bankruptcy, which would automatically stay the eviction.  The respondent told the client's son-in-law that this would also permit him to relitigate before a Federal bankruptcy judge the issues he had lost in the State court cases.  The respondent engaged a bankruptcy attorney, who on April 5, 2017, filed a Chapter 7 bankruptcy petition for the client in the United States Bankruptcy Court for the District of Massachusetts.  The daughters moved the bankruptcy court for relief from the automatic stay of eviction proceedings, and their motion was allowed.
     The respondent noticed his appearance in the matter and appealed from the order to the United States District Court for the District of Massachusetts.  That same day, he also filed a motion for written findings in support of the order, and in the last sentence of the motion, he requested a stay of the order pending written findings.  The following day, the bankruptcy judge issued an order, which explained that "[i]f the [client] seeks a stay of the Court's Order pending appeal, the request must be made by a separate motion pursuant to . . . Rule 8007" of the Federal Rules of Bankruptcy Procedure.  The respondent did not file such a motion, and on June 20, 2017, the client was evicted.
     About two months later, one of the daughters brought suit in the Middlesex County Superior Court seeking injunctive relief, declaratory relief, and quiet title as to the property.  The respondent in that case continued to advance his arguments that the client had rights in the property pursuant to the spousal elective share statute and the Homestead Act. 
     The respondent asserted these same arguments, among others, in the ongoing bankruptcy proceeding, and in a May 24, 2018, ruling, the bankruptcy judge concluded that the respondent had violated Rule 9011(b) of the Federal Rules of Bankruptcy Procedure by pressing arguments "even in the face of clear law to the contrary" but found "that his subjective belief was that he was correct as a matter of law, even if he could not have competently come to that conclusion."  In the way of sanctions, the judge's order forbade the respondent from "filing any further papers or pleadings in [that] court that contend[ed] or maintain[ed] that the [client] ha[d] any right to the [p]roperty by virtue of her so-called spousal elective share or on any other basis."  The bankruptcy judge did not find that the respondent's "lack of competence" merited sanction under 28 U.S.C. § 1927, but the judge expressly stated that "[b]ased on his written submissions and his oral arguments before the court," the respondent was "simply not, or at least [was] no longer, a competent lawyer."  
     In the meantime, the respondent pursued in the United States District Court his appeal of the bankruptcy judge's order granting relief from the automatic stay.  In November 2017, a District Court judge dismissed the appeal, finding the daughters' mootness argument "plainly meritorious."  The respondent appealed to the First Circuit, where he filed a brief on the client's behalf after missing two initial deadlines, and then only after first filing a brief that did not conform to the court's requirements.  
     From early 2018 forward, the respondent failed to keep the client reasonably informed about the State court and bankruptcy proceedings.  As of the fall or winter of 2018, the client told her son-in-law that she had not heard from the respondent since January or February.  In the interim, the client's son-in-law had learned of the bankruptcy court's sanctions order after checking its electronic docket, and he informed the client, who agreed that the respondent should no longer represent her.  The client's son-in-law called the respondent in June 2018 and ended his representation.  Nevertheless, the respondent continued filing papers holding himself out as the client's attorney.  The son-in-law also hired a new bankruptcy attorney for the client, and the new attorney entered his appearance in the bankruptcy matter in June 2018.  In October 2018, the new attorney informed the bankruptcy court via a filing that there had been "a breakdown in communication" between the respondent and the client.
     In a small claims matter brought by the daughters to recover costs related to the client's eviction, the court in October 2018 ordered the respondent to submit a notarized affidavit from the client confirming that the respondent represented her in the matter and that she had specifically authorized him to file a particular motion.  The respondent did not file the ordered affidavit, and a capias issued for the client's arrest.
     In July 2018, the daughters moved, in their use and occupancy case in the Middlesex County Superior Court, for $14,266.81 in fees and costs, and this motion was allowed in its entirety after no response was filed on behalf of the client.  On November 29, 2018, in the same case, a judge found the client in contempt for failure to make any ordered payments and for failing to produce certain documents as ordered by the court.  As sanctions, the judge imposed a compensatory fine in the amount of $7,500 as well as a prospective coercive fine of $100 for every day that the client failed to comply with the discovery order.  Some months later, in April 2019, the court ordered the client to pay $44,666.47 in fees plus $1,724.23 in costs incurred by the daughters in connection with the contempt complaint.  The respondent had not opposed the motion on behalf of the client.  Nevertheless, he noticed an appeal from the resulting order.
     On or about May 24, 2019, the client sent a signed letter to the respondent unequivocally terminating his representation in all matters.  Even after this, the respondent did not withdraw from the Middlesex County Superior Court use and occupancy case, and he did not inform the First Circuit that he no longer represented the client.
     The First Circuit issued a judgment on January 29, 2020, dismissing the client's appeal, which it found "clearly moot."  The court further concluded that sanctions, pursuant to Fed. R. A. P. 38, were warranted against the respondent, who continued to represent that he was the client's attorney in this matter.  In an order dated August 21, 2020, the First Circuit ordered the respondent personally to pay sanctions in the amount of $31,635.25.  On December 15, 2021, the court found the respondent in contempt for failure to pay.  The order permitted him to purge the contempt by certifying payment within fourteen days, which he did not do.  When testifying before the hearing committee in this matter, the respondent explained that he had no intention of ever paying the sanctions.[3]
     2.  Prior proceedings.  On February 14, 2022, bar counsel filed a petition for discipline against the respondent.  As a result of the respondent's alleged failures in representing the client, the complaint asserted various violations of the Massachusetts Rules of Professional Conduct.[4]  The respondent, acting pro se, filed an answer.
     Pursuant to the doctrine of issue preclusion, bar counsel moved to forbid the respondent from challenging the validity of (a) the First Circuit judgment sanctioning him for filing a frivolous appeal, (b) the First Circuit order finding him in contempt, and (c) the order of the bankruptcy court sanctioning him for advancing frivolous arguments.  The respondent opposed these requests.  The board ordered that the respondent was precluded from disputing that he filed a frivolous appeal in the First Circuit and from contesting that he violated Fed. R. A. P. 38 and Bankruptcy Rule 9011(b).  The board also forbade the respondent from arguing his client's purported rights in the property at issue pursuant to the spousal elective share statute and the Homestead Act, which already had been litigated to final judgment.  For his part, the respondent moved for judgment on the pleadings, and his motion was denied.
     The matter was referred to a hearing committee of the board.  An evidentiary hearing was held.  After the hearing, the committee filed a report of its findings of fact and conclusions of law and recommended that the respondent be suspended for eighteen months and required to petition for reinstatement.  The board thereafter considered the respondent's appeal and issued a report generally adopting the hearing committee's report and recommendation;[5] an information was filed in the county court.  A single justice of this court reviewed the record, accepted the board's recommendation, and entered an order of term suspension.  The respondent appealed.
     3.  Sufficiency of the evidence of misconduct.  We "review the record to determine whether the single justice's decision is supported by sufficient evidence, free from errors of law, and free from any abuse of discretion."  Matter of Zankowski, 487 Mass. 140, 144 (2021), quoting Matter of Tobin, 417 Mass. 92, 99 (1994).  As this matter is before the court pursuant to S.J.C. Rule 2:23 (b), 471 Mass. 1303 (2015), the respondent bears the burden of demonstrating any such error.  Matter of Laroche-St. Fleur, 490 Mass. 1020, 1023 (2022), cert. denied, 144 S. Ct. 130 (2023).  
     In assessing the single justice's decision, we are mindful that "[t]he subsidiary facts found by the board must be upheld 'if supported by substantial evidence'" in the record, that is, by such evidence "as a reasonable mind might accept as adequate to support" a conclusion.  Matter of Zankowski, 487 Mass. at 144, 145, quoting S.J.C. Rule 4:01, § 8 (6); Matter of Slavitt, 449 Mass. 25, 30 (2007), quoting G. L. c. 30A, § 1 (6).  What is more, "[t]he hearing committee . . . is the sole judge of credibility."  Matter of Diviacchi, 475 Mass. 1013, 1018-1019 (2016), quoting Matter of McBride, 449 Mass. 154, 161-162 (2007).  As to its conclusions regarding the alleged violations, "the hearing committee's ultimate findings and recommendations, as adopted by the board, are entitled to deference, although they are not binding on this court" (quotation and citation omitted).  Matter of Diviacchi, supra at 1019.
     In appealing from the decision of the single justice, the respondent relies primarily on accusations that counsel for the daughters, bar counsel, and the client's son-in-law engaged in misconduct.  But as this court has repeatedly advised:
"A bar discipline proceeding is not a forum best used broadly to cast blame or aspersions on others.  It is a proceeding with a narrow focus:  to determine whether there is a preponderance of evidence that an attorney has violated one or more rules of professional conduct and, if so, what sanction is warranted. . . .  [E]vidence of misconduct is neither excused nor obscured by accusations of misconduct by others."
Matter of Williams, 491 Mass. 1021, 1026 (2023), quoting Matter of Ablitt, 486 Mass. 1011, 1019 (2021).  
     As to his own misconduct, the respondent argues that the board was wrong to conclude that his representation was anything other than pro bono.  But he represented to bar counsel that while he did not intend to charge the client for recovering the value of her purported interest in the property, nevertheless, "to the extent she recovered more than that later, the fee would likely be [one-third] of such recovery but that was to be worked out between us in final form later."  At the hearing, the respondent acknowledged this statement, which was admitted in evidence by way of an agreed-upon exhibit.  In sum, there was substantial evidence to conclude that the respondent did not represent the client as a pro bono client but rather entered into a contingent fee agreement, which by the plain language of Mass. R. Prof. C. 1.5 (c), as amended, 480 Mass. 1315 (2018), needed to be in writing.  See Malonis v. Harrington, 442 Mass. 692, 693 n.1 (2004).
     Regarding the substance of his representation, the respondent contends that no court of competent jurisdiction has ruled on his arguments regarding the spousal elective share statute and the Homestead Act.  Put another way, as the respondent argued to the hearing committee, he believes that all judgments assuming or purporting to decide those arguments contrary to his position are void for lack of subject matter jurisdiction or for lack of due process.  But as described supra, both arguments were substantively addressed by the Appellate Division, and what is more, the Appellate Division addressed the respondent's argument that the District Court lacked jurisdiction to determine the client's rights in a summary process proceeding.  Moreover, the judge's decision in the Middlesex County Probate and Family Court case addressed at length the respondent's arguments regarding his client's purported rights under the spousal elective share statute.  Both courts decided those issues against the respondent.  The respondent failed to prosecute the consolidated appeals arising from these cases.  In his memorandum, the respondent argues that his failure to do so was a "deliberate strategy to reserve the right to appeal" while focusing limited resources elsewhere.  But the respondent's decision to forgo the consolidated appeals in the Appeals Court meant that the appealed decisions became final.  See Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-844 (2005); Jarosz v. Palmer, 436 Mass. 526, 533-534 (2002).  Consequently, that same decision foreclosed his attempt to relitigate these arguments in the United States Bankruptcy Court.  See Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 64-65 (1st Cir. 2018).  In sum, the respondent's opinion that the relevant State court judgments were void did not absolve him of his responsibilities to pursue such arguments competently and diligently in the appropriate fora.  See Matter of Cohen, 435 Mass. 7, 14-17 (2001) (rejecting similar arguments and applying issue preclusion).
     Contrary to the respondent's arguments, as described supra, the record contains sufficient evidence to establish that he failed to provide a written fee agreement for his contingent fee arrangement, that he failed to prosecute the client's appeals in the Appeals Court, that he failed to move to stay the order of the bankruptcy court lifting the automatic stay despite an order issued by that court specifically instructing him how to proceed with respect to that request, that he asserted frivolous arguments and pursued frivolous appeals in the Federal Bankruptcy Court, the Federal District Court, and the First Circuit, that he continued frivolously to assert in State court proceedings arguments that had been decided against him, that he failed to keep his client apprised of the matters he was litigating on her behalf, that he knowingly disobeyed the order of the small claims court to file an affidavit proving that he still represented the client, that after the client terminated his representation, he failed to withdraw from his appeal in the First Circuit or to inform that court that he no longer represented the client, that he failed to withdraw from the Superior Court use and occupancy case, and that he refused to pay the sanctions that the First Circuit ordered him to pay.
     We conclude that the respondent has failed to meet his burden pursuant to rule 2:23, and we discern no error in the order issued by the single justice.
     4.  Appropriate sanction.  We review de novo the disciplinary sanction imposed by the single justice to determine whether it "is markedly disparate from judgments in comparable cases."  Matter of Slavitt, 449 Mass. at 30, quoting Matter of Finn, 433 Mass. 418, 423 (2001).  See Matter of Greene, 476 Mass. 1006, 1008 (2016).  As the board acknowledged, the respondent's conduct broadly falls into the categories of "neglect" and "frivolous litigation," and as it found, the respondent's misconduct included the failure to comply with certain court orders.  
     Where an attorney engages in repeated neglect resulting in harm to the client, a term suspension for one year and one day is an appropriate remedy.  See Matter of Scannell, 21 Mass. Att'y Discipline Rep. 580, 581-584 (2005).  The same is true where an attorney engages in frivolous litigation.  See Matter of Corona-Perez, 34 Mass. Att'y Discipline Rep. 63, 72 (2018); Matter of Kim, 32 Mass. Att'y Discipline Rep. 297, 301, 303 (2016).  For willful and repeated refusal to comply with court orders, a term suspension is also ordinarily an appropriate remedy.  See Matter of Rosenberg, 491 Mass. 1027, 1029 (2023); Matter of Cohen, 435 Mass. at 7-13, 17 (affirming suspension for one year and one day for repeatedly ignoring and defying court orders); Matter of Ring, 427 Mass. 186, 192 (1998).  
     Such a suspension can be longer where, as here, the conduct was aggravated by additional factors.  See Matter of Belanger, 37 Mass. Att'y Discipline Rep. 25, 46-47 (2021) (imposing two-year suspension for serious misconduct including knowingly asserting frivolous claims and knowingly disobeying court orders).  In its analysis, the board found no mitigating factors and found multiple aggravating factors, all of which were supported by substantial evidence in the record.  It considered the respondent's experience as an attorney and the cumulative effect of multiple violations.  See Matter of Williams, 491 Mass. at 1026; Matter of Hrones, 457 Mass. 844, 855 (2010), citing Matter of Saab, 406 Mass. 315, 326-327 (1989).  In addition, it considered the harm that the respondent's conduct visited on the client, who was found in contempt, ordered to pay costs and fees, and deprived of her appellate rights -- whatever their ultimate merits -- by the respondent's lack of diligence.  See Matter of Gleason, 28 Mass. Att'y Discipline Rep. 352, 356 (2012).  It also considered the harm caused to the daughters, who were forced to litigate frivolous arguments and appeals.  The board correctly observed that the respondent's prior discipline was also an aggravating factor.  See Matter of Murray, 455 Mass. 872, 884 (2010); Matter of Saab, 406 Mass. at 327-328.  Another aggravating factor was the respondent's failure to recognize his own obligations.  See Matter of Williams, supra.
     For all the foregoing reasons, we agree with the single justice that it was an appropriate sanction and not "markedly disparate from judgments in comparable cases" to suspend the respondent for a term of eighteen months from practicing law in the Commonwealth and, further, to require that he petition for reinstatement pursuant to S.J.C. Rule 4:01, § 18.  See Matter of Slavitt, 449 Mass. at 30, quoting Matter of Finn, 433 Mass. at 423.  We therefore affirm the order of the single justice.
So ordered.
     The case was submitted on the record, accompanied by a memorandum of law.
     Edward J. Collins, pro se.
footnotes

     [1] We have reviewed the respondent's preliminary memorandum and appendix, as well as the record that was before the single justice.  Pursuant to S.J.C. Rule 2:23, 471 Mass. 1303 (2015), we dispense with further briefing and oral argument.
     [2] In May 2018, the respondent filed a motion to vacate the default in the Middlesex County Superior Court case where the daughters sought use and occupancy payments.  The motion was denied, and the respondent appealed but did not file a brief.  In November 2018, the appeal was dismissed for lack of prosecution.  The respondent moved to reinstate the appeal, and his motion was allowed on the condition that the client file a brief by a date certain more than three weeks from the date of the order.  No brief was filed, and the appeal was dismissed.
     [3] Following its own disciplinary proceedings, the First Circuit, in a June 23, 2023, judgment, disbarred the respondent from practicing before it.  A corrected judgment was issued on June 29, 2023, amending a typographical error.
     [4] Specifically, the petition alleged that the respondent's conduct violated Mass. R. Prof. C. 1.1, as appearing in 471 Mass. 1311 (2015) (competence), 1.2 (a), as appearing in 471 Mass. 1313 (2015) (scope of representation and allocation of authority between client and lawyer), 1.3, as appearing in 471 Mass. 1318 (2015) (diligence), 1.4, as appearing in 471 Mass. 1319 (2015) (communication), 1.5 (c), as amended, 480 Mass. 1315 (2018) (fees), 1.16 (a), as amended, 480 Mass. 1315 (2018) (declining or terminating representation), 3.1, as appearing in 471 Mass. 1414 (2015) (meritorious claims and contentions), 3.4 (c), as appearing in 471 Mass. 1425 (2015) (fairness to opposing party and counsel), 8.4 (d), as appearing in 471 Mass. 1483 (2015) (conduct prejudicial to administration of justice), and 8.4 (h) (fitness to practice law).
     [5] The board declined only to adopt the hearing committee's conclusion that the respondent refused to participate in the disciplinary process, which the hearing committee considered as an aggravating factor.